**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

TIMOTHY GLICK and RENEE GLICK )
)
)
Plaintiffs, )
)
)
v. )
)
) C.A. No. 12624-CB
KF PECKSLAND LLC, a Delaware )
limited liability company, THE )
BLEACHERS CORPORATION, a )
Delaware corporation, and SAMUEL )
KLEIN )
)
)
Defendants. )

## <u>RULINGS ON POST-TRIAL EVIDENTIARY OBJECTIONS</u>

WHEREAS:

A. On April 21, 2017, defendants Samuel Klein and KF Pecksland LLC filed a motion *in limine* seeking to exclude the admission of certain evidence at trial (Dkt. 59), which defendants opposed on April 24, 2017 (Dkt. 67);

B. On April 26, 2017, the Court denied the motion *in limine*, but permitted the parties to present evidentiary objections during post-trial briefing, with the understanding that any evidentiary objection not asserted in the post-trial briefs would be waived (Dkt. 72 at 4-6);

C. In their answering brief, defendants objected to the admissibility of three categories of documents (Dkt. 77);

1

D.     The first category consists of (a) the transcript of a hearing in *FHC Danbury LLC v. LJA (Danbury), LLC*, C.A. No. 2855-VCS (July 20, 2007), in which then-Vice Chancellor Strine imposed sanctions on Klein after finding that he "stole" $178,000 from the account of a business owned 50/50 by Klein and another person "in clear violation of" the Court's status quo order (JX201 20, 27), and (b) the transcript of a deposition Klein gave in the same case (JX204, Dkt. 75 Ex. A);

E.     The second category consists of two documents concerning a nursing home Klein operated from 1996 to 2001: (a) a press release issued by the New York Attorney General stating that Klein had pled guilty "to the crime of Wilful Violation of the Public Health Laws" concerning his operation of the nursing home (Dkt. 75 Ex. B) and (b) an article in the New York Times concerning the same nursing home (Dkt. 75 Ex. C); and

F.     The third category is a complaint Jodi Jones and nine other individuals filed in the United States District Court for the Southern District of New York on March 16, 2017 (Case 1:17-cv-01941-PGG) asserting, among other things, claims for securities fraud and common law fraud against Klein, KF Pecksland LLC, and Bleachers concerning their purchase of an interest in KF Pecksland (Dkt. 75 Ex. D);

IT IS HEREBY ORDERED, this 17th day of November, 2017, as follows:

1.     Plaintiffs seek to introduce the documents in the first category (concerning the Danbury litigation) for two purposes:   (a) under Rule 404 to challenge Klein's credibility and to show a *"modus operandi*, a pattern of conduct that includes schemes and intentions to defraud others, treatment of money belonging to others as his own, and a disregard for sworn oaths";[1] and (b) under Rule 613 to show prior inconsistent statements.  Defendants object to the admission under Rules 402, 404, 405, and 608.  This objection is sustained in part and overruled in part for the reasons explained in paragraphs 2-5 below.

2.     <u>Danbury—Rule 404.</u>  Plaintiffs cannot introduce the trial transcript under Rule 404(a)(3) to challenge Klein's credibility because the transcript constitutes extrinsic evidence which, under Rule 608, cannot be introduced "for the purpose of attacking or supporting the witness' credibility."   Nor can plaintiffs introduce the trial transcript under Rule 404(b).

3.     Rule 404(b) provides that evidence of other "acts is not admissible to prove the character of a person in order show action in conformity therewith" but may be admissible "for other purposes."  Under *Getz v. State*[2] and its progeny, the

---

[1] Pls' Post-Trial Reply Br. 5 (Dkt. 82).

[2] 538 A.2d 726 (1988).  Although *Getz* was a criminal case, the standard it articulated applies analogously in civil cases.  *See Mercedes–Benz of N. Am. Inc. v. Norman Gershman's Things to Wear*, 596 A.2d 1358, 1365 (Del. 1991) (noting that although "Getz's guidelines were developed for criminal proceedings and specifically related to 'other crimes,' they have analogous application to the admissibility of 'other wrongs or acts' in civil cases, including tort actions and . . . fraud or misrepresentations.").

Court is to consider five factors in determining admissibility under Rule 404(b): (1) that the evidence is "material to an issue or ultimate fact in dispute"; (2) that "the evidence must be introduced for a proper purpose" under Rule 404(b); (3) that the acts must be "proved by plain, clear, and conclusive" evidence; (4) that the other acts must not be "too remote in time"; and (5) that the probative value of the evidence is weighed against its unfair prejudicial effect.[3] When balancing the probative value of the evidence against prejudicial effect under the fifth prong, a court is to weigh the factors identified in *Deshields v. State*.[4]

4.    Applying the foregoing factors, I find this Court's imposition of a sanction against Klein for violating a status quo order by taking corporate funds for his personal use is not admissible for the purpose proffered. Although the act was proven by plain, clear, and conclusive evidence so as to warrant the imposition of a judicially-imposed sanction and is not too remote in time,[5] the act of taking money

---

[3] *Morse v. State*, 120 A.3d 1, 8 (Del. 2015) (citations omitted) (discussing five factors a trial court is to consider under DRE 404(b)).

[4] *Deshields v. State*, 706 A.2d 502, 506-507 (Del. 1998) ("(1) the extent to which the point to be proved is disputed; (2) the adequacy of proof of the prior conduct; (3) the probative force of the evidence; (4) the proponent's need for the evidence; (5) the availability of less prejudicial proof; (6) the inflammatory or prejudicial effect of the evidence; (7) the similarity of the prior wrong to the charged offense; (8) the effectiveness of limiting instructions; and (9) the extent to which prior act evidence would prolong the proceedings.").

[5] Courts analogize the remoteness prong of *Getz* to the ten-year time limit contained in Rule 609(b). *See Allen v. State*, 644 A.2d 982, 988 (Del. 1992). The sanction this Court imposed on Klein occurred on July 20, 2007, less than ten years before the trial of this action, and defendants were put on notice that plaintiffs' intention to use this evidence at

4

from a corporation in violation of a status quo order is not material to an issue or ultimate fact in dispute in this case, which concerns whether Klein fraudulently induced the Glicks to invest in Bleachers. Although plaintiffs purport to introduce the extrinsic evidence to show "intent" or that Klein had a *modus operandi* for treating others' money as his own, however artfully it is phrased, the Glicks' reason for using this evidence appears to be for the purpose of providing evidence of Klein's character or a trait of his character (*i.e.*, dishonesty) for the purpose of proving action in conformity therewith, which Rule 404(a) does not permit.

5. <u>Danbury—Rule 613</u>. Rule 613 provides that if a witness makes a prior inconsistent statement or "does not clearly admit that he has made the prior inconsistent statement, extrinsic evidence of such statement is admissible."[6] Klein testified at trial he never "misapplied proceeds from bank loans before."[7] This testimony is inconsistent with Klein's deposition testimony in the Danbury litigation, where Klein admitted that he submitted an affidavit to a bank for a $300,000 loan to purchase furniture and fixtures for his joint partnership but instead directed that the funds be wired to another company he controls "probably because

---

trial. *See* D.R.E. 609(b) ("evidence of a conviction more than 10 years old, as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.").

[6] D.R.E. 613(c).

[7] Tr. 234-35 (Klein).

we were due money" and "money is a fungible commodity."[8] This part of Klein's deposition testimony in the Danbury litigation is admissible to show a prior inconsistent statement under Rule 613.

6. Plaintiffs offered the documents in the second category (concerning the nursing home Klein operated) to demonstrate "Klein's willingness to lie."[9] Defendants object to the admission of these documents under Rules 402, 404, 405, and 608. The objection is sustained. Evidence relating to the second category is inadmissible for the reason proffered because Rules 404(a)(3) and 608 operate together to prohibit the introduction of extrinsic "[e]vidence of a person's character or a trait of his character."[10]

7. Plaintiffs offered the third category (the Jones complaint) for two purposes: (a) under Rule 404(b) to "undermine[] Klein's credibility and establish[] that Klein employed a deceitful scheme against other would-be Bleachers investors nearly identical to that against the Glicks" and (b) under Rule 613 to show that Klein

---

[8] JX204 192-201, 232-234.

[9] Pls.' Post-Trial Reply Br. 5.

[10] D.R.E. 404. Although Rule 609(a) permits impeachment by evidence of a criminal conviction if the crime was a "felony under the law under which the witness was convicted" or "involved dishonesty or false statement," the press release concerning Klein's conviction states simply that he plead guilty to "Wilful Violation of the Public Health Laws" and it appears from the trial record that the conviction was for a misdemeanor. Tr. 227 (Klein).

"lied about those prior instances in his trial testimony in this case."[11] Defendants object under Rules 402, 404, 405, and 608. The objection is sustained.

8. Evidence relating to the Jones complaint is inadmissible under both of plaintiffs' theories. To be admissible under Rule 404(b), evidence of "other [acts] must be proved by evidence which is 'plain, clear and conclusive.'"[12] Here, the allegations in the Jones complaint, although eerily similar to many tactics Klein employed in this case, are unproven allegations from an unverified complaint that do not rise to the level of plain, clear, and conclusive proof. Furthermore, extrinsic evidence is only admissible under Rule 613 if there was a prior inconsistent statement. Here, there is no prior inconsistent statement because Klein admitted at trial that the Jones complaint was filed against him.[13]

9. With respect to each of the foregoing three categories, nothing in this order precludes the Court from considering Klein's trial testimony on these subjects that was not proven by the introduction of extrinsic evidence, such as his admissions (a) that he pled to guilty to a criminal misdemeanor for failing to maintain adequate nursing staff at a nursing home he operated and (b) that he was sanctioned by then-Vice Chancellor Strine. With respect to the latter issue, the Court also may draw

---

[11] Pls.' Post-Trial Reply Br. 4, 6.

[12] *Getz*, 538 A.2d at 734 (quoting *Renzi*, 320 A.2d at 712).

[13] Tr. 279 (Klein).

logical inferences concerning Klein's credibility with respect to his denial of ever seeing the transcript of that ruling or of knowing the reason for the sanction.

_____
Chancellor